C. H. C. JAGELS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32081. Promulgated July 3, 1931.

*R. M. O'Hara, Esq.,* for the petitioner.
*Philip M. Clark, Esq.,* for the respondent.

## OPINION.

MATTHEWS: It is contended by petitioner that this case comes within one of the following provisions of section 214 (a) of the Revenue Act of 1921, which provides that in computing net income there shall be allowed as deductions:

(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise; if incurred in trade or business;

(5) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the trade or business; * * *

\*         *     *     *     *     * .

(7) Debts ascertained to be worthless and charged off within the taxable year * * *.

We are of the opinion that the deduction claimed by the petitioner does not represent a loss sustained during the taxable year in trade or business. The petitioner was engaged in the coal business and was an officer and director of several corporations, including the Second National Bank of Hoboken. We have held that a director of a corporation is not engaged in the business of the corporation. *Margaret B. McLaughlin, Executrix*, 12 B. T. A. 19, and cases cited therein. The facts of the instant case clearly demonstrate that whatever loss was sustained was incurred in an isolated undertaking separate and apart from the taxpayer's usual and actual business. See also *Snider B. Ward*, 18 B. T. A. 326, in which we held that where directors of a national bank voluntarily replace worthless bonds held by the bank with cash and Liberty bonds, no deductible loss has been sustained by the directors. It may be noted that in the *Ward* case the notes removed by the directors from the assets of the bank were known to be worthless at the time they agreed to replace the same with good assets, while in the instant case the notes were believed to be collectible and substantial amounts were actually collected on the same; this distinction does not affect the holding that the alleged loss was not incurred in trade or business.

Petitioner's object apparently was to try to save the Second National Bank of Hoboken harmless on account of the loans made by the bank to the makers of the notes. He testified that he believed that the notes would ultimately be paid in full although they were determined by the bank examiner to be not readily collectible. The

notes were purchased by the directors at their face value. An unfavorable purchase is not necessarily a realized loss. *Edgar M. Carnrick*, 21 B. T. A. 12, 22.

The petitioner contends in substance that his loss may be measured by the amounts which he paid to the H. E. Benjamin Company in 1922. We do not agree with this contention. These payments were made to liquidate the note payable to the Irving National Bank which was endorsed by the petitioner and the other directors of the Second National Bank of Hoboken. Inasmuch as the H. E. Benjamin Company was an accommodation maker of that note we may treat it as the note of the petitioner and the other endorsers. It is clear that no gain or loss resulted from borrowing money from the Irving National Bank under the circumstances described and repaying that loan. The purchase of the questionable paper held by the Second National Bank of Hoboken was a separate transaction. If the petitioner is entitled to any deduction it arises out of the failure to collect in full the purchased notes. To be entitled to a deduction for a bad debt it is essential to show that the debt was ascertained to be worthless and charged off in the taxable year. There is some testimony tending to show that the notes purchased were worthless in part, but the extent of the worthlessness does not appear. We must, therefore, hold that the petitioner has failed to prove any deductible loss. *W. J. Paul et al., Executors*, 16 B. T. A. 459.

*Judgment will be entered for the respondent.*